UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

──────────────────────────────────── X

PARAOH GONDER,

       **Plaintiff,**

      - against -

DOLLAR TREE STORES, INC.,

       **Defendant.**

──────────────────────────────────── X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11 2 15
```

**OPINION AND ORDER**

**15-cv-7541 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

        Pharaoh Gonder filed this action against Dollar Tree Stores, Inc. in New York state court alleging that Dollar Tree discriminated against him on the basis of race and retaliated against him for opposing this alleged discrimination in violation of the New York City Human Rights Law ("NYCHRL"). Dollar Tree removed this action to federal court on diversity grounds, and now moves to dismiss the Complaint and compel arbitration under an arbitration agreement between the parties. For the reasons discussed below, Dollar Tree's motion to dismiss and compel arbitration is GRANTED.

## II.    BACKGROUND

### A.    The Agreement

On December 9, 2014, Gonder commenced employment with Dollar Tree.[1] That same day, Gonder electronically signed several forms, including a digital copy of Dollar Tree's Employee Handbook[2] and a Mutual Agreement to Arbitrate Claims (the "Agreement").[3] In the Agreement, Gonder expressly agreed to arbitrate all claims arising out of his employment with Dollar Tree, or the termination of the same — including claims of discrimination or retaliation.[4] The Agreement sets forth that "Dollar Tree's offer of employment . . . is conditioned on and made in consideration of this Agreement."[5] While Gonder's electronic

---

[1]    *See* Defendant's Memorandum of Law in Support of Motion to Dismiss the Complaint or Stay Proceedings and Compel Arbitration ("Def. Mem.") at 1.

[2]    *See* Defendant's Position Statement to the New York State Division of Human Rights ("Def. Position Statement"), Ex. 2 to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint or Stay Proceedings and Compel Arbitration ("Pl. Mem."), at 15.

[3]    *See* Mutual Agreement to Arbitrate Claims (the "Agreement"), Ex. A to 9/30/15 Declaration of A. Michael Weber, counsel for defendant, at 5.

[4]    *See id.* at 1.

[5]    *See id.* at 4.

signature appears on the Agreement, Gonder does not recall signing it.[6]

### B.    Procedural Background

Dollar Tree terminated Gonder's employment in January 2015.[7] Gonder then filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), claiming racial discrimination and retaliation.[8]  Gonder's EEOC complaint was automatically dual-filed with the New York State Division of Human Rights ("DHR"); however, Gonder (proceeding pro se) filed a separate and duplicative complaint with the DHR in February 2015.[9]  Dollar Tree submitted a Statement of Position to the DHR substantively responding to Gonder's discrimination claims on April 13, 2015.  This letter notes that "by responding to this complaint of discrimination, [Dollar Tree] does not waive, and hereby preserves, any and all substantive and procedural defenses that may exist to the complaint of discrimination and the Complainant's allegations."[10]

----

[6]    *See* 10/19/15 Affidavit of Pharaoh Gonder in Opposition to Motion to Compel Arbitration, Ex. 5 to Pl. Mem., ¶ 3.

[7]    *See* Def. Mem. at 3.

[8]    *See id.*

[9]    *See* Letter from Joshua Bernstein, counsel for plaintiff, to New York State Division of Human Rights ("Bernstein Ltr."), Ex. 1 to Pl. Mem., at 1.

[10]    *See* Def. Position Statement at 3.

Gonder later retained counsel.[11]  Through counsel, Gonder requested and received a right-to-sue letter from the EEOC.[12]  Gonder then requested the DHR dismiss both of Gonder's DHR complaints for administrative convenience via letter on May 11, 2015.[13]  The DHR claims were dismissed on June 23, 2015. In its Order dismissing Gonder's claims, the DHR noted that "[t]he Complainant intends to pursue federal remedies in court, in which forum all the issues concerning the question of discrimination charged can be resolved."[14]

Plaintiff subsequently filed a civil action in New York Supreme Court, Bronx County.[15]  Defendant removed to this Court on diversity grounds on September 23, 2015.[16]  This motion to dismiss and compel arbitration followed.

## III.   LEGAL STANDARD AND APPLICABLE LAW

On a motion to compel arbitration, "the court applies a standard

---

[11]     *See* Pl. Mem. at 2.

[12]     *See* Bernstein Ltr. at 1.

[13]     *See id.*

[14]     Determination and Order of Dismissal for Administrative Convenience, Ex. 4 to Pl. Mem., at 1.

[15]     *See* Def. Mem. at 3.

[16]     *See id.*

similar to that applicable for a motion for summary judgment."[17]  "If undisputed facts in the record require[ ] the issue of arbitrability to be resolved against the [p]laintiff as a matter of law," then a district court must compel arbitration.[18]

## A.    Arbitrability

The determination of whether a dispute is arbitrable under the Federal Arbitration Act[19] ("FAA") consists of two prongs:  "(1) whether there exists a valid agreement to arbitrate at all under the contract in question . . . and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement."[20]  To find a valid agreement to arbitrate, a court must apply the "generally accepted principles of contract law."[21]  "[A] party is bound by the provisions of a contract that [it] signs, unless [it] can show special circumstances that would relieve [it] of such obligation."[22]  It is well-established that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any

---

[17]     *Bensadoun v. Jobe–Riat*, 316 F.3d 171, 175 (2d Cir. 2003).

[18]     *Id.*

[19]     9 U.S.C. §§ 1–14.

[20]     *Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001) (quotation marks omitted).

[21]     *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 845 (2d Cir. 1987).

[22]     *Id.*

dispute which [it] has not agreed to so submit."[23]  A court should consider only "whether there was an objective agreement with respect to the entire contract."[24]

Because there is "a strong federal policy favoring arbitration . . . where . . . the existence of an arbitration agreement is undisputed, doubts as to whether a claim falls within the scope of that agreement should be resolved in favor of arbitrability."[25]  Thus, the Second Circuit has emphasized that

> any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.  Accordingly, [f]ederal policy requires us to construe arbitration clauses as broadly as possible. We will compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.[26]

However, although federal policy favors arbitration, it is a matter of consent under the FAA, and "a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit."[27]  "[I]f federal statutory claims are

---

[23]    *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quotation marks omitted).

[24]    *Genesco,* 815 F.2d at 846.

[25]    *Ace Capital Re Overseas Ltd. v. Central United Life Ins. Co.*, 307 F.3d 24, 28 (2d Cir. 2002) (quotation marks and citations omitted).

[26]    *Collins & Aikman Prods. Co. v. Building Sys., Inc.,* 58 F.3d 16, 19 (2d Cir. 1995) (quotation marks and citations omitted).  *Accord WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997).

[27]    *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218, 224 (2d Cir. 2001) (quotation marks omitted).

asserted, [a court] must consider whether Congress intended those claims to be nonarbitrable . . . ."[28]  It is well settled that Congress intends Title VII claims to be arbitrable.[29]

## B.    Waiver of Agreement to Arbitrate

The FAA requires a court to determine whether an arbitration agreement has been waived and is thereby unenforceable.[30]  "'[T]here is a strong presumption in favor of arbitration[, and] waiver of the right to arbitrate is not to be lightly inferred.'"[31]  "[A]ny doubts concerning whether there has been a waiver are resolved in favor of arbitration."[32]

A waiver determination is highly fact specific and no bright line rule is applied, but three factors are considered:  "(1) the time elapsed from when the litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of

---

[28]    *Genesco,* 815 F.2d at 844.

[29]    *See, e.g.*, *14 Penn Plaza LLC v. Pyett,* 556 U.S.247, 261 (2009).

[30]    *See Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 456 (2d Cir. 1995) (describing the waiver defense as a "statutorily mandated inquiry in [9 U.S.C.] § 3 cases").

[31]    *Thyssen, Inc. v. Calypso Shipping Corp.*, 310 F.3d 102, 104–05 (2d Cir. 2002) (alterations in original) (quoting *Coca-Cola Bottling Co. v. Soft Drink and Brewery Workers Union Local 812*, 242 F.3d 52, 57 (2d Cir. 2001)).

[32]    *Louis Dreyfus*, 252 F.3d at 229 (quotation marks omitted).

prejudice."[33]  Although an extensive amount of delay between the commencement of an action and request for arbitration may suggest waiver, "delay in seeking arbitration does not create a waiver unless it prejudices the opposing party."[34] Similarly, the amount of litigation that occurs before an arbitration request will result in waiver only when the substance of that litigation prejudices the opposing party.[35]  Merely answering on the merits, appearing at hearings, and participating in discovery, without more, will not necessarily constitute a waiver.[36]  However, "engag[ing] in protracted litigation that prejudices the opposing party" will result in a waiver of the right to arbitration.[37]  Apart from litigation, "the mere involvement of an administrative agency in the enforcement of a statute is not sufficient to preclude arbitration."[38]

---

[33]    *Id*.

[34]    *Leadertex, Inc. v. Morgantown Dyeing & Finishing Corp.*, 67 F.3d 20, 25 (2d Cir. 1995).

[35]    *See Thyssen*, 310 F.3d at 105.

[36]    *See General Textile Printing & Processing Corp. v. Expromtorg Int'l Corp.*, 891 F. Supp. 946, 953 (S.D.N.Y. 1995).

[37]    *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000).

[38]    *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28–29 (1991). *Accord Hughes v. CACI, Inc.*, 384 F. Supp. 2d 89, 98 (D.D.C. 2005) (holding that a plaintiff who received a "right to sue" letter from the EEOC still had to comply with an arbitration clause and submit his complaint to the forum as indicated in the clause).

Two types of prejudice are possible: substantive prejudice and prejudice due to excessive cost and time delay.

> Prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or it can be found when a party too long postpones [its] invocation of [its] contractual right to arbitration, and thereby causes [its] adversary to incur unnecessary delay or expense.[39]

## IV.   DISCUSSION

### A.   Existence and Validity of the Agreement

Gonder first argues that because he does not recall signing the Agreement, and because Dollar Tree has produced only an unexecuted version of the Agreement, a question of fact exists as to whether Gonder entered into the Agreement at all.  This argument misconstrues the facts — Dollar Tree attached Gonder's executed arbitration agreement, which clearly carries Gonder's electronic signature.[40]  Nothing in the record (other than Gonder's bald assertion to the contrary in his opposition)[41] suggests that this

---

[39]   *Thyssen*, 30 F.3d at 105.

[40]   *See* Agreement at 5.  *Compare* Agreement at 5 *with* Def. Position Statement at 15 (arbitration agreement and employee handbook containing identical digital signatures).

[41]   *See* Pl. Mem. at 5 ("Defendant has produced an alleged arbitration agreement . . . that does not contain Plaintiff's actual signature – electronic or otherwise . . . .").

document is anything other than what it appears to be — namely, the executed Agreement between Gonder and Dollar Tree.

Furthermore, Gonder does not allege that he *did not* sign such an agreement; but that he *does not recall* signing. A mere assertion that one does not recall signing a document does not, by itself, create an issue of fact as to whether a signature on a document is valid — especially in the absence of any evidence the document was fabricated.[42] Indeed, Dollar Tree has provided ample evidence to the contrary. While Gonder does not recall signing the Agreement, Dollar Tree maintains an access log for "CareerLaunch," the electronic portal on which Dollar Tree maintains its hiring paperwork and through which new employees sign these documents.[43] These records indicate Gonder first accessed the site on December 5, 2014, where he created a unique password for use in signing the documents.[44] He then signed the Agreement using this unique password on December 9, 2014

---

[42]     *See Vardanyan v. Cole-Up Intern, Inc.*, 315 Fed. App'x 315, 317 (2d Cir. 2009) (finding no issue of material fact as to the validity of a signature on a document where the purported signatory claimed not to remember signing the document, but where there was no indication the document was fabricated).

[43]     *See* 10/29/15 Declaration of Hope Deighton, Talent Coordinator at Dollar Tree, Inc., in Support of Defendant's Reply in Further Support of Motion to Dismiss the Complaint or Stay Proceedings and Compel Arbitration ¶ 3.

[44]     *See id.* ¶ 12.

— his first day of employment.[45]  There is no question of fact:  Gonder signed the Agreement.

Gonder argues that even if he *did* sign, an arbitration agreement in an at-will employment contract is unenforceable — as a contract for at-will employment is unsupported by consideration and therefore illusory. While noting (without providing any citations) that "there are some district court decisions in this circuit to the contrary,"[46] Gonder supports his argument with a Missouri Supreme Court case where an arbitration agreement supported only by (1) at-will employment and (2) a mutual agreement to submit claims to arbitration as consideration was held unenforceable.[47]

Here, however, the consideration supporting the Agreement is not merely *continued* at-will employment, or reciprocal promises to arbitrate claims, but is instead an offer to *commence* employment in the first place.[48] The Agreement makes clear that Dollar Tree's offer of employment is

---

[45]     *See id.* ¶ 13.

[46]     Pl. Mem. at 4.

[47]     *See Baker v. Bristol Care, Inc.*, 450 S.W.3d 770 (Mo. 2014).

[48]     *See* Agreement at 4.

conditioned on and made in consideration of the Agreement's execution. This Court, therefore, need not determine whether an arbitration agreement supported only by continued at-will employment and a mutual agreement to arbitrate claims is valid.[49]

Gonder signed a valid Agreement, and the parties do not dispute that Gonder's specific claims fall within the scope of that Agreement. The only remaining question is whether Dollar Tree has waived its right to arbitrate.

### B.    Waiver of Right to Arbitrate

As noted earlier, the Court weighs three factors in determining whether a party has waived its right to arbitration under an arbitration agreement.[50] On weighing these factors, it is clear that Dollar Tree has not waived its right to arbitrate, and the Agreement remains binding upon Gonder.

---

[49]    Nonetheless, the weight of authority in this Circuit supports this conclusion. *See, e.g.*, *Marciano v. DCH Auto Group*, 14 F. Supp. 3d 322, 377 (S.D.N.Y. 2014) (enforcing arbitration agreement supported by continued at-will employment and mutual agreement to arbitrate claims); *Teah v. Macy's Inc.*, No. 11-cv-1356, 2011 WL 6838151, at *5 (E.D.N.Y. Dec. 29, 2011) (same); *Josie-Delerme v. American Gen. Fin. Corp.*, No. 08-cv-3166, 2009 WL 2366591, at *3 (E.D.N.Y. July 29, 2009) (enforcing arbitration agreement supported by continued at-will employment alone).

[50]    *See supra* note 32 citing *Louis Dreyfus*, 252 F.3d at 229.

-12-

*First*, very little time has passed between the initiation of this litigation and Dollar Tree's motion to compel arbitration; indeed, it was the first action taken by Dollar Tree after removing the action to this Court — an action taken a mere week after serving notice of removal.

*Second*, there has been very little litigation activity to date, and what activity *has* occurred is not the type of activity that can create a waiver of a right to arbitrate. Dollar Tree's participation in the EEOC and DHR investigations, while engaging Gonder's claims on their merits, is not considered "litigation" for the purposes of determining waiver.[51] And the mere act of removing Gonder's claim from state to federal court[52] is hardly the sort of "aggressiv[e] participat[ion] in litigation"[53] that gave rise to waiver in the case Gonder cited to support his position.

------

[51] *See, e.g.*, *Gravagna v. Terminix Int'l, Inc.*, No. 08-cv-5448, 2008 WL 2765336, at *1 (S.D.N.Y. July 9, 2008) (holding that "defendants did not avail themselves of any right to litigate" by participating in agency investigation).

[52] Indeed, other courts in this district have held that removal does not waive a right to arbitration. *See Builders Grp. LLC v. Qwest Commc'ns Corp.*, No. 07-cv-5464, 2009 WL 3170101, at *5 (S.D.N.Y. Sept. 29, 2009) (rejecting plaintiff's argument that removal to federal court waived defendant's right to arbitrate and granting motion to compel arbitration).

[53] *Sherrill v. Grayco Builders, Inc.*, 64 N.Y.2d 261, 270 (1985) (finding waiver after defendant's significant litigation conduct, including the taking of depositions, filing of separate actions for an accounting and an injunction, and securing of an order to take discovery of a third party).

*Third*, and finally, Gonder suffers no prejudice by arbitrating his claims.  No costly discovery has taken place. No extensive briefing has been undertaken by the parties.  Gonder has not been required to participate in lengthy litigation, and Dollar Tree is not attempting to utilize the Agreement to escape an adverse substantive finding by this Court.  Gonder does not argue that he is prejudiced by Dollar Tree's motion to compel arbitration in his opposition papers, and this is sensible:  At such an early stage of the litigation, there simply is no prejudice suffered.

Dollar Tree promptly sought enforcement of the Agreement after engaging in minimal litigation activity that neither procedurally nor substantively prejudices Gonder.  Merely responding to a complaint made to an administrative agency, or engaging in the minimal level of litigation undertaken by Dollar Tree, does not rise to the substantial, prejudicial level of activity required to demonstrate waiver in this Circuit.  Dollar Tree therefore has not waived its rights under the Agreement, and Gonder is bound to its terms — he must seek relief from an arbitrator, not from this Court.

## V.   CONCLUSION

For the foregoing reasons, Dollar Tree's motion to dismiss the complaint and compel arbitration is GRANTED.  The Clerk of the Court is ordered to close this motion (Dkt. No. 4) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            November 2, 2015

-15-

**-Appearances-**

**For Plaintiff:**

Joshua A. Bernstein, Esq.
Josh Bernstein, P.C.
175 Varick Street
New York, NY 10011
(646) 308-1515

**For Defendant:**

A Michael Weber, Esq.
Hema Chatlani, Esq.
Littler Mendelson, P.C.
900 Third Avenue
7th Floor
New York, NY 10022
(212) 583-2660